Filed 7/25/24  P. v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEPHON RYAN JONES,<br><br>Defendant and Appellant. | F087628<br><br>(Super. Ct. No. F23908888)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Snauffer, J. and DeSantos, J.

## STATEMENT OF APPEALABILITY

This is an appeal from a final judgment following a no contest plea, authorized by Penal Code section 1237, subdivision (a)[1] and rule 8.204(a)(2)(B) of the California Rules of Court. Jones requested a certificate of probable cause, but stated no grounds, and it appears the trial court did not rule on his request.

## STATEMENT OF THE CASE

On November 9, 2023, the Fresno County District Attorney filed a complaint charging Jones with domestic violence with injury (§ 273.5, subd. (a); count 1) and grand theft of dog (§ 487e; count 2). The complaint further alleged that Jones had suffered a prior strike under section 667, subdivisions (b)-(i) and section 1170.12, subdivisions (a)-(d), to wit: a violation of section 261, subdivision (a)(3) for which he was convicted on April 14, 2000, in Fresno County. Lastly, the complaint alleged that Jones was ineligible to be sentenced to county jail under section 1170, subdivisions (f) and (h).

On January 3, 2024, the trial court dismissed the alleged strike prior pursuant to the People's motion, and Jones pleaded no contest to both counts. On February 1, 2024, the court sentenced him to three years formal probation, credit for time served, ordered participation in a 52-week batterer's treatment program, and the completion of 40 hours community service. Among other terms and conditions, the trial court also ordered no contact with the victim or her family. Jones was credited with 47 actual days of presentence credit and 46 days of good time/work time, for a total of 93 days in Fresno County jail.

On February 20, 2024, Jones filed a timely notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

## STATEMENT OF FACTS[2]

On September 4, 2023, Jones and the female victim had been dating for three years but had been separated for the last five months. At around 11:37 p.m., law enforcement was dispatched to a domestic violence incident. Officers observed that, among other injuries, the victim had dried blood on her bottom lip and a swollen jaw; the victim believed her jaw may have been broken. The victim reported that she and Jones had just discussed whether they should get back together. When she decided she was not going to stay in the relationship, Jones struck her three to four times with a closed fist, causing her to fall. While she was on the ground, Jones struck her in the face again with a closed fist and took her shoes, throwing them into the street. Jones then took the victim's two chihuahua puppies, valued at over $1,000, before fleeing the area in his vehicle.

## APPELLATE COURT REVIEW

Jones's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Jones was advised he could file his own brief with this court. By letter on May 29, 2024, we invited Jones to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Jones.

## DISPOSITION

The judgment is affirmed.

---

[2] Because there was no preliminary hearing, we draw the facts from the probation officer's report.